LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue
Brooklyn NY, 11238
Tel.: (718) 855-9595
Attorneys for plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE No.: 25 CV 3441 (RER)(PCG)
CIVIL ACTION: PLAINTIFF DEMANDS TRIAL BY JURY

DANEL HIPPOLYTE

    Plaintiff(s),

-against-

THE CITY OF NEW YORK, POLICE OFFICER RYAN PRUDEN, Shield No. 26459, POLICE OFFICER ANTHONY PORCELLI, Shield No. 29986, SERGEANT ROBERT COX, Shield No. 3721, POLICE OFFICER BRIAN WILLIAMS, Shield No. 9001

    Defendants

## AMENDED COMPLAINT

TAKE NOTICE, the Plaintiff, Danel Hippolyte, hereby appears in this action by his attorneys, the Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them at the address below in this matter.

Plaintiff, Danel Hippolyte, by his attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New

York, Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001).

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental

jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT**

6. All conditions precedent to the filing of this action have been complied with. On March 10, 2025, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. The plaintiff's claim was assigned the numbers 2025PI011328 by the City of New York's Comptroller's office.

7. At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

8. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**PARTIES**

9. Plaintiff resides in Kings County, New York and is a resident of the State of New York.

10. Defendants, Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001) are and were at all times relevant herein, duly appointed and acting police officers for the City of New

York, acting under color of state law. They are all being sued in their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about February 21, 2025, between the hours of 4:30PM and 5:00PM. The plaintiff was driving his car, a white sedan down Ralph Avenue, in Brooklyn, New York. As plaintiff was approaching the intersection of Ralph Avenue and Beverley Street, plaintiff observed two police cars on the opposite side of Ralph. The police cars which included one marked car and one unmarked car were facing the flow of traffic opposite to the direction the plaintiff was traveling.

13. As the plaintiff approached the intersection of Ralph and Beverley, the traffic signals turned red and plaintiff stopped at the intersection in compliance with the traffic signals, shortly after stopping, the plaintiff observed the one of the police cars that he had just observed across the street, pull up and swerve right in front of plaintiff's car, preventing the plaintiff from proceeding forward.

14. Plaintiff further observed that the second police car that he had also just observed across the street had now pulled in behind the plaintiff's car, preventing the plaintiff moving his car forward or backwards.

15. Plaintiff who at the time was the driver of his car was traveling with his younger brother who was sat in the front passenger seat of the plaintiff's car.

16. On being blocked in and not knowing why the defendant officers had blocked him, the plaintiff put his window down and both plaintiff and plaintiff's brother who was seated in the front

4

passenger seat of plaintiff's care started recording the interaction on their phones.

17. Plaintiff while recording observed one of the defendant officers approach the driver's side of plaintiff's car and immediately asked plaintiff for his driver license and registration.

18. While the plaintiff was retrieving his driver's license and registration to hand it to the officer that had approached plaintiff's driver side window and at the same time asking the officer why the officer required his particulars and why they had blocked or stopped him, the plaintiff observed another of the defendant officers approach the plaintiff's car.

19. The second approaching officer immediately asked the plaintiff why he was recording the defendant officers and then opened the plaintiff's car door and told the plaintiff to step out of the car, as plaintiff was trying to enquire as to why they were asking him to get out of the car, one of the officers grabbed the plaintiff and started pulling plaintiff out of the car. The plaintiff then informed the officers that he had recently fractured his wrist and it had just healed and that he will come out of the car on his own, but the officers ignored the plaintiff and continued to drag the plaintiff out of the car.

20. After plaintiff was out of the car and still fully complying with the officers' instructions, the plaintiff was placed in handcuffs by the defendant officers and was then pushed, shoved and intentionally tripped by one or more of the defendants. The defendant officers also intentionally twisted and applied excessive force to the same wrist that the plaintiff had informed the officers that he recently fractured, causing the plaintiff severe pain and refracturing the plaintiff's wrist. That the plaintiff was then placed in the rear seat of the

5

marked car and driven to the NYPD 67th Precinct by the defendant officers.

21. That from the time the plaintiff was stopped and or blocked in, to the time the plaintiff was placed in the police car and transported to the precinct, the only persons in the vicinity of the arrest were the plaintiff, plaintiff's brother and the defendant officers as captured on the plaintiff's recordings and the defendants body cam recordings.

22. After the plaintiff had been removed from the scene of the arrest and transported to the defendants' precinct, the plaintiff's brothers tried to take the car and plaintiff's phone, but the defendant officers, including but not limited to Officer Williams and Sergeant Cox, pushed the plaintiff's brother and threatened to arrest the plaintiff's brother too, and then the defendant officers, including but not limited to Officer Williams, proceeded to get in the plaintiff's car and drive off.

23. On arriving at the precinct, the plaintiff was searched and then placed in a holding cell with other unrelated arrestees. After about an hour of being detained, the plaintiff was released and given a desk appearance ticket (DAT) to appear in court on March 12, 2025. The DAT charged the plaintiff with NYS Penal Law § 240.20 (7), which holds that "He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose".

24. That after the plaintiff was issued with his DAT, he was given back his jacket and some other personal belongings that the defendants had taken from plaintiff immediately after his arrest, and plaintiff was then released and allowed to leave the precinct. As plaintiff came outside to leave and retrieve his car, the defendant officers, including but not limited to Lieutenant Scott Milne, were still strip-searching plaintiff's

car in the precinct parking lot. Plaintiff waited for the defendant officers to finish and then he was allowed to retrieve his car and leave. The plaintiff had never given consent for his car to be searched.

25. Thereafter the plaintiff retained counsel for his criminal case and appeared in court on March 12, 2025. The DAT that had been given to the plaintiff at the time of his arrest and release, was a carbon copy of the original, which the officer had retained for submission to the criminal court clerk.

26. That on March 12, 2025, the plaintiff appeared in the criminal court to defend his criminal charges stemming from the DAT, however upon review of the original ticket, plaintiff observed that the defendant officers, upon information and belief including Officer Pruden, Officer Porcelli, and/or Sergeant Cox, had doctored his ticket and changed the charges on the original ticket submitted to the court. The doctored ticket, now alleged that the plaintiff had behaved in a hazardous way that caused a crowd to gather. After a hearing the matter was dismissed.

27. The defendant officers had maliciously and intentionally fabricated facts in an attempt to have the plaintiff convicted of a crime he did not commit. That the recording of the arrest, captured by the plaintiff, plaintiff's brother and the defendants body cam clearly show that the only persons present at the time of the plaintiff's arrest and removal from the scene of arrest was the plaintiff, plaintiff's brother and the defendant officers.

28. During the entire encounter the plaintiff was not allowed to make any phone calls or contact anyone and only realized what he was charged with at the time of his release.

29. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed,

7

they still proceeded to arrest plaintiff and unlawfully detain plaintiff.

30. That at no time during the arrest was plaintiff read his Miranda rights or allowed to make a phone call or inform his family that he had been arrested.

31. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff obstruct any act or administration of government, or engage in any conduct which in any way justified the brutal and unlawful actions of the police. At no time did plaintiff consent to the unlawful search and or seizure of his personal liberty and or property.

32. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer various personal and economic injuries, including but not limited to; due to the destruction to his clothes, phone, car and physical injuries sustained by the plaintiff. As a result of the entire incident, plaintiff was also caused to suffer emotional distress, mental anguish, nightmares and flashbacks some or all of which may be permanent.

33. The unlawful destruction of plaintiff's personal property, the unlawful arrest and wrongful imprisonment of plaintiff, the malicious prosecution and use of excessive force by defendants with knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, the above stated injuries, some or all of which may be permanent.

35. As a direct and proximate result of the defendants' actions, the plaintiff suffers various emotional attacks, in addition, he has been unable to function normally which has caused a

severe strain and breakdown in his personal relationships, in and outside of his home, and has directly affected his life.

36. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained and prosecuted without just or probable cause. His property was destroyed, damaged or removed and plaintiff was caused to suffer damages stemming from his physical injuries.

37. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

38. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

39. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

40. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

41. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.
42. The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of his constitutional rights.
43. This action has been commenced within three years after the happening of the event upon which the claim is based.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against Defendant Officers

44. Plaintiffs hereby restate paragraphs 1-43 of this complaint, as though fully set forth below
45. By unlawfully arresting detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, the defendant officers including Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001), deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.
46. In addition, the Defendants officers, including but not limited to officers Pruden, Porcelli, Williams, and Sergeant Cox, conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

47. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**New York State Constitution, Art. 1 Section 12**

49. Plaintiff hereby restates paragraph 1-48 of this complaint, as though fully set forth below

50. By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, using excessive force, fabricating evidence and assaulting him, the Officers Defendants, including but not limited to Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001), deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

51. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

52. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

53. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

**AS A THIRD CAUSE OF ACTION:**
**Excessive Force/Assault and Battery--all Defendants**

55. Plaintiff hereby restates paragraph 1-54 of this complaint, as though fully set forth below

56. In using excessive force while physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, including but not limited to Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001), acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

57. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:
### False Arrest, False Imprisonment and Malicious Prosecution
### Against all defendants

58. Plaintiffs hereby restates paragraph 1-57 of this complaint, as though fully set forth below
59. The Defendants Officers, including but not limited to Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001), wrongfully and illegally detained, and imprisoned the Plaintiff.
60. The wrongful arrest, imprisonment and malicious prosecution of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.
61. At all relevant times, the Officers Defendants acted with excessive force in apprehending, detailing, and imprisoning the Plaintiff.
62. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.
63. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.
64. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.
65. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as

employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

66. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

67. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**AS FOR A FIFTH CAUSE OF ACTION:**
**Negligent Hiring and Retention of Employment**
**Services-against defendant City of New York.**

68. Plaintiff hereby restates paragraph 1-67 of this Complaint, as though fully set forth below.

69. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

70. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

71. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants, including but not limited to Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001), were not prudent and were potentially dangerous.

72. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.
73. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Defendant Officers, Plaintiff incurred significant and lasting injuries.

**AS A SIXTH CAUSE OF ACTION:**
**Negligent Infliction of Emotional Distress-all Defendants**

74. The Plaintiff hereby restates paragraph 1-73 of this complaint, as though fully set forth below.
75. The Defendants Officers, including but not limited to Police Officer Ryan Pruden (Shield No. 26459), Police Officer Anthony Porcelli (Shield No. 29986), Sergent Robert Cox (Shield No. 3721), Police Officer Brian Williams (Shield No. 9001), engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.
76. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention, prosecution and imprisonment by the Defendants Officers.
77. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondent superior.
78. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**DEMAND FOR TRIAL BY JURY**

79. Plaintiff hereby demands a trial by jury on all issues of fact and damages set forth in this Complaint.

   **WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1983;
2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;
3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;
4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;
5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;
6. On the Sixth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   February 24, 2026
         Brooklyn, New York

                    Respectfully Submitted

                    /s/ Patrick O'keke
                    _____
                By: Patrick Ike O'keke Esq. [PO-2861]
                    801 Franklin Avenue
                    Brooklyn, New York 11238
                    Tel. No.  : (718) 855-9595
                    Fax No.   : (718) 855-9494
                    Email.    : polawuk@aol.com


To:  ccolalil@law.nyc.gov
     Christine Colalillo, Esq.
     Corporation Counsel of the City of New York
     Special Federal Litigation Division
     100 Church Street
     New York, NY 10007